UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY SMITH JR., | No. 2:24-cv-01029 DJC AC (PS) |
| Plaintiff, | |
| v. | ORDER and FINDINGS AND RECOMMENDATIONS |
| NATHAN P. BAKER and CAPITAL ONE AUTO FINANCE, | |
| Defendants. | |

    Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Both defendants have specially appeared and move to dismiss this case, alleging improper service.  ECF No. 4 and 6.  Defendant Nathan P. Baker also asserts the case should be dismissed as to him because this court lacks personal jurisdiction.  Defendant Capital One Auto Finance moves to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff opposed the motions at ECF No. 12. Defendants replied.  ECF Nos. 13 and 14.  Plaintiff submitted an unauthorized surreply.  ECF No. 15.  Defendants each moved to strike this surreply.  ECF No. 16 and 17.

    As a preliminary matter, in the interest of justice and judicial economy, the court DENIES the motions to strike plaintiff's unauthorized surreply (ECF Nos. 16 and 17) and has considered all papers filed.  As to the merits of the motions (ECF Nos. 4 and 6), the undersigned recommends that the motions be granted and the complaint be DISMISSED for failure to

1

properly complete service, failure to establish personal jurisdiction over defendant Baker, and for failure to state a claim upon which relief may be granted against either defendant. Plaintiff should be granted leave to amend the complaint against, and properly serve, both defendants.

## I. Background

### A. The Complaint

Plaintiff Courtney Smith Jr. filed a pro se complaint April 5, 2024. ECF No. 1. He paid the filing fee, id., so the complaint was not subject to screening under 28 U.S.C. § 1915(e)(2). Plaintiff alleges federal question as the basis for jurisdiction. Plaintiff's complaint lists the following causes of action: (1) Federal Credit Opportunity Act 15 USC § 1691; (2) Truth and Lending Act 15 U.S.C. § 1601; (3) Gramm Leach Bailey Act 15 USC § 6801; (4) Fair Debt Collection Act USC 1692; and (5) Fair Credit Reporting Act USC 1681. Id. at 4. The "Statement of Claim" reads: "property was illegally seized using a fraudulent contract that violated my federally protected consumer rights." Id. at 5. Plaintiff seeks return of his property and monetary compensation. Id. at 6. The complaint contains no other information.

### B. Motions to Dismiss

Defendant Nathan P. Baker specially appeared to contest service of process and personal jurisdiction. and to have the complaint dismissed for failure to state a claim. ECF No. 4. Defendant Capital One Auto Finance specially appeared to contest service of process and to have the complaint dismissed for failure to state a claim. ECF No. 6.

## II. Analysis

### A. Relevant Legal Standards

#### 1. Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 4 explains the rules of service and requires, at subsection (c)(1), that defendants be served both a summons and a copy of the compliant. Fed. R. Civ. P. 4. If service is improper under Fed. R. Civ. P. 4, a defendant may move to dismiss under FRCP 12(b)(5). Hayes v. Woodford, 444 F. Supp. 2d 1127, 1132 (C.D. Cal. 2006). On a motion challenging the adequacy of service, the plaintiff bears the burden of establishing that service was valid under Rule 4 of the Federal Rules of Civil Procedure. Brockmeyer v. May, 383 F.3d 798,

1  801 (9th Cir. 2004).

    2. Federal Rule of Civil Procedure 12(b)(2)

  On a motion challenging personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff, as the party seeking to invoke the jurisdiction of the federal court, "bears the burden" of establishing that jurisdiction exists. In re Boon Global Ltd., 923 F.3d 643, 650 (9th Cir. 2019). When the court decides the issue of jurisdiction without an evidentiary hearing, based only on affidavits and discovery materials, a "plaintiff must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." Myers v. Bennett Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001) (citing Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977)). The prima facie showing is achieved by producing admissible evidence which, if believed, would sufficiently establish personal jurisdiction. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).

  Accordingly, the court accepts uncontroverted facts in the complaint as true. Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). Jurisdictional facts cannot, however, be established by nonspecific, conclusory statements. Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (citing Kaylor v. Fields, 661 F.2d 1177, 1182-83 (8th Cir. 1981) (although liberally construed, the complaint "must contain something more than mere conclusory statements that are unsupported by specific facts")). Additionally, plaintiff cannot solely rely on allegations in the complaint when they have been challenged by affidavit, Taylor v. Portland Paramount Corp., 383 F.2d 634, 639 (9th Cir. 1967), although conflicts between affidavits are resolved in plaintiff's favor, Mavrix, 647 F.3d at 1223.

    3. Federal Rule of Civil Procedure Rule 12(b)(6)

  "The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend

unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Failure of Service of Process (Baker and Capital One)

The complaint against both defendants must be dismissed for improper service under Fed. R. Civ. P. 4 and 5. Defendant Nathan Baker submitted an affidavit stating that he was not served with a copy of the complaint in this case. ECF No. 4-1 at 2-3. Tonya Edwards, Senior Process Manager for Capital One, submitted an affidavit that Capital One Auto Finance was not served with a copy of the complaint in this case. ECF No. 6-1 at 2-3. Plaintiff does not address the issue of proper service. ECF No. 12, 15. It is clear the complaint must be dismissed against both defendants for failure to properly complete service in compliance with Fed. R. Civ. P. 4.

### C. Lack of Personal Jurisdiction (Baker)

The complaint against defendant Baker must be dismissed without leave to amend because the court lacks personal jurisdiction over this defendant. In determining the existence of personal jurisdiction, a district court with diversity jurisdiction generally applies the law of the state in which the district court sits. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. Id. (citing Cal. Code Civ. Proc. § 410.10). For a court to exercise personal jurisdiction over a nonresident defendant, the defendant must have "minimum contacts" with the forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).

Personal jurisdiction may be either "general" or "specific." Dole Food Co. v. Watts, 303 F.3d 1104, 1110-11 (9th Cir. 2002). General personal jurisdiction exists only when a defendant is physically present or when a defendant's activities in the forum state are "continuous and systematic" such that the contacts approximate physical presence in the forum state. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004). "Specific jurisdiction, on the other hand, depends on an 'affiliatio[n] between the forum and the underlying

controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (citations omitted). The Ninth Circuit has adopted a three-pronged test to determine whether a court may exercise personal jurisdiction over a non-resident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). The plaintiff has the burden on the first two prongs, after which "the burden . . . shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802.

Here, the complaint does not allege that Mr. Baker had any contacts with California and does not make any specific allegations against Baker, jurisdictional or otherwise. ECF No. 1. The complaint itself states that Baker's address is in Plano, Texas. ECF No. 1 at 2. Baker submitted an affidavit stating that he resides, is domiciled, and works in Texas, that he does not and has never owned any real property in California, and that he was served with a summons for this case at his home in Texas. ECF No. 4-1 at 2. Neither the complaint nor Baker's declaration provide any information about Baker's role in Capitol One Auto Finance or his involvement (if any) in plaintiff's dispute with the company.

Because the complaint before the court lacks a factual basis for personal jurisdiction over this defendant, the motion must be granted. Without a more detailed factual statement in support of plaintiff's claim, it is impossible to determine whether personal jurisdiction over Baker would be appropriate on the basis of his actions vis-à-vis the California plaintiff. Because the court cannot rule out the possibility that Baker's role in the underlying dispute might give rise to jurisdiction, dismissal should be with leave to amend.

////

D. <u>Failure to State a Claim</u>

The complaint must be dismissed as to both defendants for failure to state a claim, because plaintiff fails to identify any supporting facts. He simply lists several statutes, makes the conclusory statement that his property was seized using a fraudulent contract, and states his demand for relief. ECF No. 1 at 4-6. In plaintiff's response to the motion to dismiss, he states that a "contract dispute was filed by the plaintiff against the defendants early in the year of [sic] 2023 claiming that the alleged debt was invalid and there had been fraud on the contract, which would make the promissory note null and void." ECF No. 12 at 1. Although the complaint does not mention what type of property was allegedly taken, in the response plaintiff clarifies "my car was illegally seized from my place of work located on private property, causing this to be a Breach of Peace further constituting an illegal seizure by rule." <u>Id.</u> at 2. The complaint unquestionably falls far short of the pleading standard required by Fed. R. Civ. P. 8, and also fails to state a claim under Fed. R. Civ. P. 12(b)(6) because it does not allege any facts at all. Accordingly, the complaint must be dismissed as to both defendants for failure to state a claim.

### III.   Leave to Amend

A pro se plaintiff is entitled to an opportunity to correct defects in a complaint by amendment unless the futility of amendment is clear. <u>Noll</u>, 809 F.2d at 1448. The court finds it is possible that plaintiff could amend his complaint to include facts that would support a claim upon which relief could be granted, and facts that establish personal jurisdiction over Baker. However, along with filing an amended complaint, plaintiff must also show that he properly completed service pursuant to Fed. R. Civ. P. 4. Plaintiff should be required to file, along with an amended complaint, an affidavit of service of process demonstrating that he completed service upon both defendants in accordance with Fed. R. Civ. P. 4.

### IV.   Pro Se Plaintiff's Summary

The magistrate judge is recommending that defendants motions to dismiss be granted, for three reasons: (1) you didn't properly serve the defendants, (2) you didn't explain how Nathan Baker is involved in this case and whether he took any actions in California, and (3) your complaint doesn't have enough facts that show the court the defendants violated a law.

The magistrate judge is recommending that you have a chance to amend the complaint and properly serve Capital One Auto Finance and Nathan Baker. To do this, you need to look at Federal Rule of Civil Procedure 4. As this rule states, you need to serve the defendant with both the summons and a copy of your complaint. If the district judge adopts these findings and recommendations, you will have 30 days to file the amended complaint and a signed statement saying that you properly served Capital One Auto Finance and Nathan Baker.

An amended complaint should contain a short and plain statement of the facts supporting your claim(s), including the terms of any contract, the nature of any debt, what actions you believe constitute a "fraud on the contract," and exactly what each defendant did that you are suing them for. As to Nathan Baker, because he is not a resident of California, an amended complaint must also contain facts showing what he did in relation to California. Without such facts, the court will have no jurisdiction over Baker and he will be dismissed permanently from this case.

Do not file or serve an amended complaint until after the district judge rules on this recommendation. All parties have twenty-one days to file objections to this recommendation, which the district judge will consider before making the final decision.

### V. Conclusion

The motions to strike at ECF No. 16 and ECF No. 17 are DENIED.

The undersigned RECOMMENDS that the motions to dismiss at ECF No. 4 and ECF No. 6 be GRANTED. Plaintiff should be granted leave to amend the complaint and properly serve defendants. Plaintiff should be ordered to file an amended complaint, along with an affidavit of proper service stating that he served both the summons and a copy of the Amended Complaint on defendant Capital One Auto Finance and defendant Nathan P. Baker, within 30 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and

1  Recommendations."  Failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez
3  v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
4  DATED: August 26, 2024

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE